## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN SKERTICH and CYNTHIA SKERTICH, <br><br> Plaintiffs, <br><br> v. <br><br> NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING and ALLIANT CREDIT UNION, <br><br> Defendants. | Civil Action No.: 2:24-cv-06809-PD |

## DEFENDANT NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING'S ANSWER AND AFFIRMATIVE DEFENSES

For its Answer and Affirmative Defenses to the *Complaint* [CM/ECF Doc. No. 1] ("Complaint") filed by Plaintiffs Stephen Skertich and Cynthia Skertich ("Plaintiffs"), Defendant Newrez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") states as follows (the numbered paragraphs below correspond to the paragraphs in the Complaint):

## PRELIMINARY STATEMENT

1.      Admitted in part; denied in part.  Shellpoint admits only that Plaintiffs purport to state a claim for violations of the Truth in Lending Act ("TILA") and the regulations issued pursuant to that statute ("Regulation Z"), the Fair Credit Reporting Act ("FCRA"), the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), the Fair Credit Extension Uniformity Act ("FCEUA"), the Uniform Commercial Code, Article 4A, Funds Transfers ("Article 4A"), the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), the Uniform Commercial Code – Funds Transfers ("Chapter 670"), FL St. T. XXXIX, Ch. 670, or any other statute or law.  Shellpoint denies that Plaintiffs actually set forth a claim for which they are entitled to relief.

## JURISDICTION AND VENUE

2.      Admitted in part; denied in part.  The averments in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, Shellpoint admits only that this Court has jurisdiction over this action.  Shellpoint denies that it engaged in any unlawful conduct.

3.      Admitted in part; denied in part.  The averments in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, Shellpoint admits only that venue is proper in this district.  Shellpoint denies that it engaged in any unlawful conduct.

## PARTIES

4.       Admitted in part; denied in part.  Shellpoint admits only that Plaintiff Stephen Skertich is an adult individual.  Shellpoint is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph, and therefore denies those averments.

5.      Admitted in part; denied in part.  Shellpoint admits only that Plaintiff Cynthia Skertich is an adult individual.  Shellpoint is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph, and therefore denies those averments.

6.      Admitted in part; denied in part.  Shellpoint admits only that it is a business entity that conducts business in Pennsylvania with a place of business located at 601 Office Center Drive, Suite 100, Fort Washington, Pennsylvania 19034.  The remaining averments in this paragraph are comprised of legal conclusions and argument, rather than factual allegations requiring admission

or denial.  To the extent a response to the remaining averments is required, those averments are denied.

7.      Admitted in part; denied in part.  Shellpoint admits only that Defendant Alliant Credit Union ("Alliant") is a business entity.  Shellpoint is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph, and therefore denies those averments.

<u>**FACTUAL ALLEGATIONS**</u>

8.      Admitted in part; denied in part.  Shellpoint admits, upon information and belief, that Plaintiffs are spouses.  Shellpoint further admits that Plaintiffs executed a Home Equity Line of Credit Agreement (the "Note") in the amount of $500,000 in favor of non-party, Spring EQ, LLC.  Shellpoint further admits that the Note is secured by a mortgage (the "Mortgage") encumbering property located at 6911 Devon Cove, Lakewood Ranch, Manatee, Florida 34202 (the "Property").  The Note, Mortgage and associated origination documents are collectively referred to hereafter by Shellpoint as the "Loan Documents", setting forth the terms of the "Loan." Shellpoint is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph, and therefore denies those averments.

9.      The averments in this paragraph are comprised of legal conclusions and argument rather than factual allegations requiring admission or denial.  To the extent a response to the averments is required, then Shellpoint states it is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

10.     Admitted in part; denied in part.  Shellpoint admits only that it is the current servicer of the Loan.  Shellpoint denies the remaining averments in this paragraph.

11.     Admitted in part; denied in part.  Shellpoint admits only that Alliant is the current mortgagee of record of the Mortgage.  Shellpoint denies the remaining averments in this paragraph.

12.     Some or all of the averments in this paragraph refer to written documents, being May 2, 2024 and July 11, 2024 correspondence to Plaintiffs, which speak for themselves.  To the extent the averments in this paragraph misstate or mischaracterize the documents, those averments are denied.  By way of further response, Specialized Loan Servicing, LLC ("Specialized) was acquired by Rithm Capital Corp. and is now known as Newrez LLC d/b/a Shellpoint Mortgage Servicing.

13.     Admitted in part; denied in part.  Shellpoint admits only, upon information and belief, that it did not transmit monthly account statements to Plaintiffs during the months of May 2024 and June 2024.  Shellpoint denies the remaining averments in this paragraph.

14.     Admitted in part; denied in part.  Shellpoint admits only that Specialized received a HELOC Wire Request Form in connection with the Loan on or about June 5, 2024 (the "Wire Request Form").  Shellpoint is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph, and therefore denies those averments.

15.     Shellpoint is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

16.     Shellpoint denies the averments in this paragraph.

17.     Shellpoint admits only that the Wire Request Form identified a wire transfer amount of $425,650.

18.     Shellpoint admits only that the Wire Request Form identified the receiving bank as Citibank, along with additional information including the address, account number and routing number.

19.     Shellpoint admits only that Plaintiffs have not submitted other HELOC Wire Request Forms in connection with the Loan while Shellpoint has been the servicer of the Loan.

20.     Admitted in part; denied in part.  Shellpoint admits only that, in response to its receipt of the Wire Request Form, a wire transfer in the amount of $425,650 was made to CitiBank (the "Wire Transfer").  The remaining averments are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.

21.     Shellpoint is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

22.     Shellpoint is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

23.     Admitted in part; denied in part.  Shellpoint admits only that the Wire Transfer was processed.  Shellpoint denies the remaining averments of this paragraph.

24.     Admitted in part; denied in part.  Shellpoint admits only that it transmitted a monthly account statement for the Loan to Plaintiffs on or about July 9, 2024.  Shellpoint is without knowledge sufficient to form a belief as to the truth of the remaining averments of this paragraph, and therefore denies those averments.

25.     Some or all of the averments in this paragraph refer to a written document, being a July 9, 2024 monthly account statement for the Loan, which speaks for itself.  To the extent the averments in this paragraph misstate or mischaracterize the document, those averments are denied.  By way of further response, Shellpoint is without knowledge sufficient to form a belief as to the truth of the averments concerning when Plaintiffs received this monthly account statement, and therefore denies those averments.

26.     Admitted in part; denied in part.  Shellpoint admits only that Plaintiffs have disputed the balance of the Loan identified on the July 9, 2024 monthly account statement. Shellpoint is without knowledge sufficient to form a belief as to the truth of the remaining averments of this paragraph, and therefore denies those averments.

27.     Shellpoint admits only that Plaintiffs have disputed the balance of the Loan identified on the July 9, 2024 monthly account statement.  Shellpoint is without knowledge sufficient to form a belief as to the truth of the remaining averments of this paragraph, and therefore denies those averments.

28.     Admitted in part; denied in part.  Shellpoint admits only that Plaintiffs were provided with a copy of the Wire Request Form in August 2024.  Shellpoint is without knowledge sufficient to form a belief as to the truth of the remaining averments of this paragraph, and therefore denies those averments.

29.     Shellpoint admits only that Plaintiffs have disputed the balance of the Loan. Shellpoint is without knowledge sufficient to form a belief as to the truth of the remaining averments of this paragraph, and therefore denies those averments.

30.     Some or all of the averments in this paragraph refer to a written document, being an August 19, 2024 letter, which speaks for itself.  To the extent the averments in this paragraph misstate or mischaracterize the document, those averments are denied.

31.     Shellpoint is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

32.     Some or all of the averments in this paragraph refer to a written document, being an August 19, 2024 letter, which speaks for itself.  To the extent the averments in this paragraph misstate or mischaracterize the document, those averments are denied.

33.    Admitted in part; denied in part.  Shellpoint admits only that Plaintiffs continued to dispute the balance of the Loan.  Shellpoint denies the remaining averments of this paragraph as stated.  By way of further response, prior to the filing of the Complaint, Shellpoint waived and/or credited the balance on the Loan and has since informed Plaintiffs they are not responsible for paying the Wire Transfer amount.

34.    Admitted in part; denied in part.  Shellpoint admits only that interest was initially charged on the balance of the Loan.  Shellpoint denies the remaining averments of this paragraph as stated.  By way of further response, prior to the filing of the Complaint, Shellpoint waived and/or credited the balance on the Loan and has since informed Plaintiffs they are not responsible for paying the Wire Transfer amount.

35.    Admitted in part; denied in part.  Shellpoint admits only that Plaintiffs were initially informed that they were responsible for payment of the balance on the Loan.  Shellpoint denies the remaining averments of this paragraph as stated.  By way of further response, prior to the filing of the Complaint, Shellpoint waived and/or credited the balance on the Loan and has since informed Plaintiffs they are not responsible for paying the Wire Transfer amount.

36.    Admitted in part; denied in part.  Shellpoint admits only that Plaintiffs were initially informed that they were responsible for payment of the balance on the Loan.  Shellpoint denies the remaining averments of this paragraph as stated.  By way of further response, prior to the filing of the Complaint, Shellpoint waived and/or credited the balance on the Loan and has since informed Plaintiffs they are not responsible for paying the Wire Transfer amount.

37.    Admitted in part; denied in part.  Shellpoint admits only that Plaintiffs were initially informed they were responsible for payment of the balance on the Loan.  Shellpoint denies the remaining averments of this paragraph as stated.  By way of further response, prior to the filing of

the Complaint, Shellpoint waived and/or credited the balance on the Loan and has since informed

Plaintiffs they are not responsible for paying the Wire Transfer amount.

38.    Shellpoint is without knowledge or information sufficient to form a belief as to the

truth of the averments of this paragraph, and therefore denies those averments.

39.    Admitted in part; denied in part.  Shellpoint admits only that it initially reported the

balance on the Loan to Trans Union, LLC, Experian Information Solutions, Inc., and Equifax

Information Services, LLC (collectively, the "CRAs").  Shellpoint denies the remaining averments

of this paragraph as stated.  Shellpoint is without knowledge or information sufficient to form a

belief as to the truth of the remaining averments of this paragraph, and therefore denies those

averments.

40.    Shellpoint is without knowledge or information sufficient to form a belief as to the

truth of the averments of this paragraph, and therefore denies those averments.

41.    Admitted in part; denied in part.  Shellpoint admits only that it initially reported the

balance on the Loan to the CRAs and later verified that balance.  Shellpoint denies the remaining

averments of this paragraph as stated.  Shellpoint is without knowledge or information sufficient

to form a belief as to the truth of the remaining averments of this paragraph, and therefore denies

those averments.

42.    Some or all of the averments in this paragraph refer to written documents, being

correspondence dated October 10, 2024 and October 25, 2024, which speak for themselves.  To

the extent the averments in this paragraph misstate or mischaracterize the documents, those

averments are denied.

43.    Some or all of the averments in this paragraph refer to a written document, being October 29, 2024 correspondence, which speaks for itself.  To the extent the averments in this paragraph misstate or mischaracterize the document, those averments are denied.

44.    Shellpoint denies the averments of this paragraph.

45.    Admitted in part; denied in part.  Shellpoint admits only that Plaintiffs were initially informed that they were responsible for payment of the balance on the Loan.  Shellpoint denies the remaining averments of this paragraph as stated.  By way of further response, prior to the filing of the Complaint, Shellpoint waived and/or credited the balance on the Loan and has since informed Plaintiffs they are not responsible for paying the Wire Transfer amount.

46.    Shellpoint is without knowledge or information sufficient to form a belief as to the statements to which Plaintiffs are referring, and therefore denies the remaining averments of this paragraph.

47.    Shellpoint denies the averments of this paragraph.

48.    The averments in this paragraph are comprised of legal conclusions and argument rather than factual allegations requiring admission or denial.  To the extent a response to the averments is required, then Shellpoint states it is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

49.    The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.

50.    Shellpoint denies the averments of this paragraph.

## COUNT I
## TRUTH IN LENDING ACT ("TILA")

51.     Shellpoint incorporates the foregoing paragraphs and responses as if fully set forth herein.

52.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.   To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

53.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.   To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

## COUNT II
## FAIR CREDIT REPORTING ACT ("FCRA")

54.     Shellpoint incorporates the foregoing paragraphs as if fully set forth herein.

55.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.   To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

56.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.   To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

57.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.   To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

58.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.   To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

## COUNT III

## PENNSYLVANIA UNFAIR TRADE PRACTICES AND
## CONSUMER PROTECTION LAW ("UTPCPL")

59.    Shellpoint incorporates the foregoing paragraphs and responses as if fully set forth herein.

60.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

61.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

62.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

63.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

64.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

65.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

66.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

67.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

68.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

69.    Shellpoint denies the averments of this paragraph.

70.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial. To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

71.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

72.    The averments in this paragraph are comprised of legal conclusions and argument rather than factual allegations requiring admission or denial.  To the extent a response to the averments is required, then Shellpoint states it is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

73.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

## COUNT IV
## PENNSYLVANIA FAIR CREDIT EXTENSION
## UNIFORMITY ACT ("FCEUA")

74.     Shellpoint incorporates the foregoing paragraphs and responses as if fully set forth herein.

75.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

76.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

77.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

78.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

79.     Shellpoint denies the averments of this paragraph.

80.     The averments in this paragraph are comprised of legal conclusions and argument rather than factual allegations requiring admission or denial.  To the extent a response to the averments is required, then Shellpoint states it is without knowledge or information sufficient to

form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

**COUNT V**
**UNIFORM COMMERCIAL CODE, ARTICLE 4A,**
**FUNDS TRANSFERS ("ARTICLE 4A")**

81.    Shellpoint incorporates the foregoing paragraphs and responses as if fully set forth herein.

82.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial. To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

83.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

84.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

85.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

86.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

87.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

88.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

89.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

90.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

91.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

92.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

**COUNT VI**
**FLORIDA DECEPTIVE AND UNFAIR**
**TRADE PRACTICES ACT ("FDUTPA")**

93.    Shellpoint incorporates the foregoing paragraphs and responses as if fully set forth herein.

94.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

95.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

96.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

97.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

98.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

99.    The averments in this paragraph are comprised of legal conclusions and argument rather than factual allegations requiring admission or denial.  To the extent a response to the averments is required, then Shellpoint states it is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

100.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

101.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

102.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

103.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

104.    The averments in this paragraph are comprised of legal conclusions and argument rather than factual allegations requiring admission or denial.  To the extent a response to the averments is required, then Shellpoint states it is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

105.    The averments in this paragraph are comprised of legal conclusions and argument rather than factual allegations requiring admission or denial.  To the extent a response to the averments is required, then Shellpoint states it is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

**COUNT VII**
**UNIFORM COMMERCIAL CODE – FUNDS TRANSFERS**
**("CHAPTER 670")**

106.    Shellpoint incorporates the foregoing paragraphs as if fully set forth herein.

107.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

108.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

109.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

110.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

111.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

112.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

113.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.    To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

114.   Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

115.   Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

116.   Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.

117.   Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

## COUNT VIII
### CONVERSION

118.   Shellpoint incorporates the foregoing paragraphs and responses as if fully set forth herein.

119.   Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

120.   Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

121.   Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

122.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

123.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

124.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

**COUNT IX**
**NEGLIGENCE**

125.    Shellpoint incorporates the foregoing paragraphs and responses as if fully set forth herein.

126.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

127.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

128.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

129.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Shellpoint denies the allegations.

## JURY TRIAL DEMANDED

130.    Shellpoint admits only that Plaintiffs purport to state a claim requiring a jury trial, but denies that Plaintiffs actually set forth a claim for which they are entitled to relief.

## ANSWER TO PRAYER FOR RELIEF

As for the allegations and averments in Plaintiffs' Prayer for Relief, Shellpoint denies that Plaintiffs have been damaged in any way by the acts or omissions of Shellpoint, denies that Shellpoint owes Plaintiffs anything for any of the matters raised in Plaintiffs' Complaint, and denies that Plaintiffs have the right to recover any fees, costs, or other sums of any nature.

## AFFIRMATIVE DEFENSES

Shellpoint's affirmative defenses to Plaintiffs' Complaint are set forth below.  By setting forth the following allegations and defenses, Shellpoint does not assume the burden of proof on matters and issues other than those which Shellpoint has the burden of proof as a matter of law.

### (First Affirmative Defense)

Plaintiffs fail to state claims under the Truth in Lending Act ("TILA") and the regulations issued pursuant to that statute ("Regulation Z"), the Fair Credit Reporting Act ("FCRA"), the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), the Fair Credit Extension Uniformity Act ("FCEUA"), the Uniform Commercial Code, Article 4A, Funds Transfers ("Article 4A"), the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), the Uniform Commercial Code – Funds Transfers ("Chapter 670"), FL St. T. XXXIX, Ch. 670, or any other statute or law.

**(Second Affirmative Defense)**

Plaintiffs' claims are barred by the doctrine(s) of assumption of the risk, estoppel, judicial estoppel, waiver, release, payment, fraud, unclean hands, *res judicata,* collateral estoppel and/or laches.

**(Third Affirmative Defense)**

Plaintiffs' injuries and/or damages and/or expenses, if any, were the direct and proximate result of their own acts, omissions, negligence, fault and/or breach.

**(Fourth Affirmative Defense)**

Plaintiffs' injuries and/or damages and/or expenses, if any, were the direct and proximate result of the acts, omissions, negligence, fault or breach of persons and/or parties other than Shellpoint that caused or contributed to cause all, or a portion, of the claimed damages or liability, barring recovery or liability against Shellpoint in whole or in part.

**(Fifth Affirmative Defense)**

Plaintiffs' claims of damages or liability are barred in whole or in part by the applicable statutes of limitation, statutes of repose, and other statutes relevant to the limitation of actions.

**(Sixth Affirmative Defense)**

Plaintiffs' claims of damages or liability are barred in whole or in part by the doctrines of ratification, consent and acquiescence.

**(Seventh Affirmative Defense)**

The claims asserted in the Complaint are barred to the extent that Plaintiffs have failed to join a necessary and indispensable party.

**(Eighth Affirmative Defense)**

Plaintiffs' claims are barred because the actions and/or inactions of Shellpoint are consistent with the terms of the applicable loan documents.

**(Ninth Affirmative Defense)**

The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, because Plaintiffs suffered no injury or actual damages as a result of any conduct, actions, or omissions by Shellpoint.

**(Tenth Affirmative Defense)**

To the extent that Plaintiffs have suffered any damage as a result of the matters alleged in the Complaint, Plaintiffs have failed to mitigate those damages and the claims are therefore barred, in whole or in part.

**(Eleventh Affirmative Defense)**

Plaintiffs' claims are barred in whole or in part due to the economic loss rule.

**(Twelfth Affirmative Defense)**

Plaintiffs' claims are barred in whole or in part because their alleged damages, if any, are subject to recoupment, setoff or credit under law and equity or on other applicable grounds.

**(Thirteenth Affirmative Defense)**

Plaintiffs' claims are barred in whole or in part due to Plaintiffs' material breach of the applicable loan documents.

**(Fourteenth Affirmative Defense)**

Plaintiffs' claims are barred because Shellpoint complied with all referenced statutes and regulations.

**(Fifteenth Affirmative Defense)**

Plaintiffs' claims are barred because Shellpoint acted in good faith at all times.

**(Sixteenth Affirmative Defense)**

Plaintiffs' claims for punitive damages are barred to the extent that the punitive damages sought would be unconstitutional or contrary to law.

**(Seventeenth Affirmative Defense)**

Plaintiffs' claims for punitive damages are barred to the extent that Plaintiffs have failed to plead grounds to support an award of punitive damages.

**(Eighteenth Affirmative Defense)**

Plaintiffs failed to allege the requisite damages to sustain a claim under the FCEUA. Pursuant to 73 P.S. § 2270.5(a) of the FCEUA:

> if a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under this Act, it shall constitute a violation of the Act of December 17, 1968 (P.L. 1224, No. 387), known as the Unfair Trade Practices and Consumer Protection Law.

Accordingly, the damage provisions of the UTPCPL are applicable to violations of the FCEUA.

Pursuant to 73 P.S. §201-9.2(a) of the UTPCPL:

> Any person who purchases or leases goods or services primarily for personal, family or household purposes and **thereby suffers any ascertainable loss of money or property, real or personal**, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater.  The Court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper.  The court may award to the Claimant, in addition to other relief provided in this section, costs and reasonable attorney fees.

(emphasis added).

Plaintiffs failed to allege any loss of money or real or personal property. Therefore, Plaintiffs' FCEUA claim fails.

### (Nineteenth Affirmative Defense)

If Shellpoint violated the FCEUA or the UTPCPL, which is denied, and ascertainable damages are proven by Plaintiffs, they are not entitled to treble damages or attorneys' fees and costs. Such treble damages and fees and costs are discretionary, and the facts in this case do not support Plaintiffs' claims for treble damages or attorneys' fees and costs. 73 P.S. §201-9.2(a).

### (Twentieth Affirmative Defense)

Plaintiffs' claims are barred in whole or in part because, if there was a violation of the Fair Credit Reporting Act, none being admitted, any acts done or omitted were in good faith in conformity with applicable rules, regulations, and/or interpretations.

### (Twenty-First Affirmative Defense)

Any violation of the Fair Credit Reporting Act, which is expressly denied by Shellpoint, did not rise to the level of willfulness.

### (Twenty-Second Affirmative Defense)

Plaintiffs' claims are barred, in whole or in part, because any wrongful act or omission alleged to have been committed by Shellpoint, none being admitted, was a good faith result of a bona fide error.

### (Twenty-Third Affirmative Defense)

Plaintiffs' claims are barred in whole or in part, because if there was a violation of TILA, Regulation Z, FCRA, the UTPCPL, the FCEUA, Article 4A, the FDUTPA, Chapter 670, FL. St. T. XXXIX, Ch 670, or any other statute or law, any acts done or omitted were in good faith conformity with applicable rules, regulations, and/or interpretations thereof.

**(Twenty-Fourth Affirmative Defense)**

Plaintiffs' TILA claims are barred by the good faith and/or bona fide error defense under 15 U.S.C. § 1640(c), and/or the alleged violation(s) were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**(Twenty-Fifth Affirmative Defense)**

Plaintiffs' TILA claims are barred to the extent that there is no private right of action and/or to the extent that they lack statutory standing.

**(Twenty-Sixth Affirmative Defense)**

Plaintiffs' TILA claims are barred by 15 U.S.C. § 1640(b).

**(Twenty-Seventh Affirmative Defense)**

Plaintiffs' TILA claims are barred to the extent that prerequisites were not satisfied, and/or to the extent that 15 U.S.C. § 1640(f)(2) is inapplicable because the servicer did not hold itself out as an "owner."

**(Twenty-Eighth Affirmative Defense)**

Shellpoint further pleads any affirmative defenses provided in the Federal Rules of Civil Procedure that may, through further discovery, be determined to be applicable in this litigation.

WHEREFORE, Shellpoint respectfully requests judgment in its favor on all of Plaintiffs' claims, together with its costs, attorneys' fees, and such other relief to which it is entitled.

Dated: March 14, 2025                          /s/ Jeffrey M. Stacko
                                               Jeffrey M. Stacko, Esq.
                                               Pa. I.D. No. 314941
                                               DINSMORE & SHOHL LLP
                                               1300 Six PPG Place

Pittsburgh, PA 15222
412.281.5000 (t)
412.281.5055 (f)
jeffrey.stacko@dinsmore.com

*Counsel for Defendants, Newrez LLC d/b/a Shellpoint Mortgage Servicing and Alliant Credit Union*

#40755334v2