## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN SKERTICH and CYNTHIA SKERTICH, | Civil Action No.: 2:24-cv-06809-PD |
| Plaintiffs, | |
| v. | |
| NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING and ALLIANT CREDIT UNION, | |
| Defendants. | |

## DEFENDANT ALLIANT CREDIT UNION'S
## ANSWER AND AFFIRMATIVE DEFENSES

For its Answer and Affirmative Defenses to the *Complaint* [CM/ECF Doc. No. 1] ("Complaint") filed by Plaintiffs Stephen Skertich and Cynthia Skertich ("Plaintiffs"), Defendant Alliant Credit Union ("Alliant") states as follows (the numbered paragraphs below correspond to the paragraphs in the Complaint):

## PRELIMINARY STATEMENT

1.      Admitted in part; denied in part.  Alliant admits only that Plaintiffs purport to state a claim for violations of the Truth in Lending Act ("TILA") and the regulations issued pursuant to that statute ("Regulation Z"), the Fair Credit Reporting Act ("FCRA"), the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), the Fair Credit Extension Uniformity Act ("FCEUA"), the Uniform Commercial Code, Article 4A, Funds Transfers ("Article 4A"), the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), the Uniform Commercial Code – Funds Transfers ("Chapter 670"), FL St. T. XXXIX, Ch. 670, or any other statute or law.  Alliant denies that Plaintiffs actually set forth a claim for which they are entitled to relief.

## JURISDICTION AND VENUE

2.      Admitted in part; denied in part.  The averments in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, Alliant admits only that this Court has jurisdiction over this action.  Alliant denies that it engaged in any unlawful conduct.

3.      Admitted in part; denied in part.  The averments in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, Alliant admits only that venue is proper in this district.  Alliant denies that it engaged in any unlawful conduct.

## PARTIES

4.       Admitted in part; denied in part.  Alliant admits only that Plaintiff Stephen Skertich is an adult individual.  Alliant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph, and therefore denies those averments.

5.      Admitted in part; denied in part.  Alliant admits only that Plaintiff Cynthia Skertich is an adult individual.  Alliant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph, and therefore denies those averments.

6.      Admitted in part; denied in part.  Alliant admits only that Defendant Newrez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") is a business entity that conducts business in Pennsylvania with a place of business located at 601 Office Center Drive, Suite 100, Fort Washington, Pennsylvania 19034.  The remaining averments in this paragraph are comprised of legal conclusions and argument, rather than factual allegations requiring admission or denial.  To the extent a response to the remaining averments is required, Alliant is without knowledge or

information sufficient to form a belief as to the truth of the remaining averments of this paragraph, and therefore denies those averments.

7.      Admitted in part; denied in part.  Alliant admits only that it is a business entity and has a place of business located at 11545 W. Touhy Avenue, Chicago, Illinois 60666.  The remaining averments in this paragraph are comprised of legal conclusions and argument, rather than factual allegations requiring admission or denial.

## FACTUAL ALLEGATIONS

8.      Admitted in part; denied in part.  Alliant admits, upon information and belief, that Plaintiffs are spouses.  Alliant further admits that Plaintiffs executed a Home Equity Line of Credit Agreement (the "Note") in the amount of $500,000 in favor of non-party, Spring EQ, LLC.  Alliant further admits that the Note is secured by a mortgage (the "Mortgage") encumbering property located at 6911 Devon Cove, Lakewood Ranch, Manatee, Florida 34202 (the "Property").  The Note, Mortgage and associated origination documents are collectively referred to hereafter by Alliant as the "Loan Documents", setting forth the terms of the "Loan."  Alliant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph, and therefore denies those averments.

9.      The averments in this paragraph are comprised of legal conclusions and argument rather than factual allegations requiring admission or denial.  To the extent a response to the averments is required, then Alliant states it is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

10.      Admitted in part; denied in part.  Alliant admits only that Shellpoint is the current servicer of the Loan.  Alliant denies the remaining averments in this paragraph.

11.     Admitted in part; denied in part.  Alliant admits only that it is the current mortgagee of record of the Mortgage.  Alliant denies the remaining averments in this paragraph.

12.     Alliant admits only, upon information and belief, that the Loan's former servicer, Specialized Loan Servicing, LLC ("Specialized"), is now known as Newrez LLC d/b/a Shellpoint Mortgage Servicing.

13.     Alliant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

14.     Alliant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

15.     Alliant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

16.     Alliant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

17.     Alliant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

18.     Alliant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

19.     Alliant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

20.     Alliant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

21.     Alliant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

22.     Alliant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

23.     Alliant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

24.     Alliant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

25.     Alliant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

26.     Alliant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

27.     Alliant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

28.     Alliant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

29.     Alliant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

30.     Alliant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

31.     Alliant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

32.     Alliant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

33.     Alliant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

34.     Alliant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

35.     Alliant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

36.     Alliant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

37.     Alliant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

38.     Alliant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

39.     Alliant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

40.     Alliant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

41.     Alliant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

42.     Alliant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

43.     Some or all of the averments in this paragraph refer to a written document, being October 29, 2024 correspondence, which speaks for itself.  To the extent the averments in this paragraph misstate or mischaracterize the document, those averments are denied.

44.     Alliant denies the averments of this paragraph.

45.     Alliant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

46.     Alliant is without knowledge or information sufficient to form a belief as to the statements to which Plaintiffs are referring, and therefore denies the remaining averments of this paragraph.

47.     Alliant denies the averments of this paragraph.

48.     The averments in this paragraph are comprised of legal conclusions and argument rather than factual allegations requiring admission or denial.  To the extent a response to the averments is required, then Alliant states it is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

49.     The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.

50.     Allian denies the averments of this paragraph.

## <u>COUNT I</u>
## TRUTH IN LENDING ACT ("TILA")

51.     Alliant incorporates the foregoing paragraphs and responses as if fully set forth herein.

52.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

53.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

## COUNT II
## FAIR CREDIT REPORTING ACT ("FCRA")

54.     Alliant incorporates the foregoing paragraphs and responses as if fully set forth herein.

55.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

56.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.   To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

57.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

58.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

## COUNT III
## PENNSYLVANIA UNFAIR TRADE PRACTICES AND
## CONSUMER PROTECTION LAW ("UTPCPL")

59.     Alliant incorporates the foregoing paragraphs and responses as if fully set forth herein.

60.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

61.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

62.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

63.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.   To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

64.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

65.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

66.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

67.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

68.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

69.     Alliant denies the averments of this paragraph.

70.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial. To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

71.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

72.     The averments in this paragraph are comprised of legal conclusions and argument rather than factual allegations requiring admission or denial.  To the extent a response to the averments is required, then Alliant states it is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

73.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

**COUNT IV**
**PENNSYLVANIA FAIR CREDIT EXTENSION**
**UNIFORMITY ACT ("FCEUA")**

74.     Alliant incorporates the foregoing paragraphs and responses as if fully set forth herein.

75.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial. To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

76.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial. To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

77.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial. To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

78.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

79.     Alliant denies the averments of this paragraph.

80.     The averments in this paragraph are comprised of legal conclusions and argument rather than factual allegations requiring admission or denial.  To the extent a response to the averments is required, then Alliant states it is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

**COUNT V**
**UNIFORM COMMERCIAL CODE, ARTICLE 4A,**
**FUNDS TRANSFERS ("ARTICLE 4A")**

81.     Alliant incorporates the foregoing paragraphs and responses as if fully set forth herein.

82.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial. To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

83.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial. To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

84.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial. To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

85.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial. To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

86.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

87.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

88.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

89.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

90.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

91.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.

92.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

## COUNT VI
## FLORIDA DECEPTIVE AND UNFAIR
## TRADE PRACTICES ACT ("FDUTPA")

93.     Alliant incorporates the foregoing paragraphs and responses as if fully set forth herein.

94.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial. To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

95.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial. To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

96.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

97.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

98.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

99.    The averments in this paragraph are comprised of legal conclusions and argument rather than factual allegations requiring admission or denial.  To the extent a response to the averments is required, then Alliant states it is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

100.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial. To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

101.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

102.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial. To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

103.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial. To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

104.    The averments in this paragraph are comprised of legal conclusions and argument rather than factual allegations requiring admission or denial.  To the extent a response to the averments is required, then Alliant states it is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

105.    The averments in this paragraph are comprised of legal conclusions and argument rather than factual allegations requiring admission or denial.  To the extent a response to the averments is required, then Alliant states it is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore denies those averments.

**COUNT VII**
**UNIFORM COMMERCIAL CODE – FUNDS TRANSFERS**
**("CHAPTER 670")**

106.    Alliant incorporates the foregoing paragraphs and responses as if fully set forth herein.

107.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial. To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

108.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial. To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

109.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial. To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

110.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial. To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

111.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

112.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

113.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.

114.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

115.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

116.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

117.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

## COUNT VIII
## CONVERSION

118.     Alliant incorporates the foregoing paragraphs and responses as if fully set forth herein.

119.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial. To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

120.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

121.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial. To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

122.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial. To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

123.     Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

124.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

## COUNT IX
## NEGLIGENCE

125.    Alliant incorporates the foregoing paragraphs and responses as if fully set forth herein.

126.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial. To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

127.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

128.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

129.    Denied.  The averments in this paragraph are comprised of legal conclusions and assertions, rather than factual allegations requiring admission or denial.  To the extent this paragraph could be construed as containing factual allegations, Alliant denies the allegations.

## JURY TRIAL DEMANDED

130.    Alliant admits only that Plaintiffs purport to state a claim requiring a jury trial, but denies that Plaintiffs actually set forth a claim for which they are entitled to relief.

## ANSWER TO PRAYER FOR RELIEF

As for the allegations and averments in Plaintiffs' Prayer for Relief, Alliant denies that Plaintiffs have been damaged in any way by the acts or omissions of Alliant, denies that Alliant owes Plaintiffs anything for any of the matters raised in Plaintiffs' Complaint, and denies that Plaintiffs have the right to recover any fees, costs, or other sums of any nature.

## **AFFIRMATIVE DEFENSES**

Alliant's affirmative defenses to Plaintiffs' Complaint are set forth below. By setting forth the following allegations and defenses, Alliant does not assume the burden of proof on matters and issues other than those which Alliant has the burden of proof as a matter of law.

### **(First Affirmative Defense)**

Plaintiffs fail to state claims under the Truth in Lending Act ("TILA") and the regulations issued pursuant to that statute ("Regulation Z"), the Fair Credit Reporting Act ("FCRA"), the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), the Fair Credit Extension Uniformity Act ("FCEUA"), the Uniform Commercial Code, Article 4A, Funds Transfers ("Article 4A"), the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), the Uniform Commercial Code – Funds Transfers ("Chapter 670"), FL St. T. XXXIX, Ch. 670, or any other statute or law.

### **(Second Affirmative Defense)**

Plaintiffs' claims are barred by the doctrine(s) of assumption of the risk, estoppel, judicial estoppel, waiver, release, payment, fraud, unclean hands, *res judicata,* collateral estoppel and/or laches.

### **(Third Affirmative Defense)**

Plaintiffs' injuries and/or damages and/or expenses, if any, were the direct and proximate result of their own acts, omissions, negligence, fault and/or breach.

**(Fourth Affirmative Defense)**

Plaintiffs' injuries and/or damages and/or expenses, if any, were the direct and proximate result of the acts, omissions, negligence, fault or breach of persons and/or parties other than Alliant that caused or contributed to cause all, or a portion, of the claimed damages or liability, barring recovery or liability against Alliant in whole or in part.

**(Fifth Affirmative Defense)**

Plaintiffs' claims of damages or liability are barred in whole or in part by the applicable statutes of limitation, statutes of repose, and other statutes relevant to the limitation of actions.

**(Sixth Affirmative Defense)**

Plaintiffs' claims of damages or liability are barred in whole or in part by the doctrines of ratification, consent and acquiescence.

**(Seventh Affirmative Defense)**

The claims asserted in the Complaint are barred to the extent that Plaintiffs have failed to join a necessary and indispensable party.

**(Eighth Affirmative Defense)**

Plaintiffs' claims are barred because the actions and/or inactions of Alliant are consistent with the terms of the applicable loan documents.

**(Ninth Affirmative Defense)**

The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, because Plaintiffs suffered no injury or actual damages as a result of any conduct, actions, or omissions by Alliant.

**(Tenth Affirmative Defense)**

To the extent that Plaintiffs have suffered any damage as a result of the matters alleged in the Complaint, Plaintiffs have failed to mitigate those damages and the claims are therefore barred, in whole or in part.

**(Eleventh Affirmative Defense)**

Plaintiffs' claims are barred in whole or in part due to the economic loss rule.

**(Twelfth Affirmative Defense)**

Plaintiffs' claims are barred in whole or in part because their alleged damages, if any, are subject to recoupment, setoff or credit under law and equity or on other applicable grounds.

**(Thirteenth Affirmative Defense)**

Plaintiffs' claims are barred in whole or in part due to Plaintiffs' material breach of the applicable loan documents.

**(Fourteenth Affirmative Defense)**

Plaintiffs' claims are barred because Alliant complied with all referenced statutes and regulations.

**(Fifteenth Affirmative Defense)**

Plaintiffs' claims are barred because Alliant acted in good faith at all times.

**(Sixteenth Affirmative Defense)**

Plaintiffs' claims for punitive damages are barred to the extent that the punitive damages sought would be unconstitutional or contrary to law.

**(Seventeenth Affirmative Defense)**

Plaintiffs' claims for punitive damages are barred to the extent that Plaintiffs have failed to plead grounds to support an award of punitive damages.

**(Eighteenth Affirmative Defense)**

Plaintiffs failed to allege the requisite damages to sustain a claim under the FCEUA. Pursuant to 73 P.S. § 2270.5(a) of the FCEUA:

> if a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under this Act, it shall constitute a violation of the Act of December 17, 1968 (P.L. 1224, No. 387), known as the Unfair Trade Practices and Consumer Protection Law.

Accordingly, the damage provisions of the UTPCPL are applicable to violations of the FCEUA.

Pursuant to 73 P.S. §201-9.2(a) of the UTPCPL:

> Any person who purchases or leases goods or services primarily for personal, family or household purposes and **thereby suffers any ascertainable loss of money or property, real or personal**, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater. The Court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper. The court may award to the Claimant, in addition to other relief provided in this section, costs and reasonable attorney fees.

(emphasis added).

Plaintiffs failed to allege any loss of money or real or personal property. Therefore, Plaintiffs' FCEUA claim fails.

### (Nineteenth Affirmative Defense)

If Alliant violated the FCEUA or the UTPCPL, which is denied, and ascertainable damages are proven by Plaintiffs, they are not entitled to treble damages or attorneys' fees and costs. Such treble damages and fees and costs are discretionary, and the facts in this case do not support Plaintiffs' claims for treble damages or attorneys' fees and costs. 73 P.S. §201-9.2(a).

### (Twentieth Affirmative Defense)

Plaintiffs' claims are barred in whole or in part because, if there was a violation of the Fair Credit Reporting Act, none being admitted, any acts done or omitted were in good faith in conformity with applicable rules, regulations, and/or interpretations.

**(Twenty-First Affirmative Defense)**

Any violation of the Fair Credit Reporting Act, which is expressly denied by Alliant, did not rise to the level of willfulness.

**(Twenty-Second Affirmative Defense)**

Plaintiffs' claims are barred, in whole or in part, because any wrongful act or omission alleged to have been committed by Alliant, none being admitted, was a good faith result of a bona fide error.

**(Twenty-Third Affirmative Defense)**

Plaintiffs' claims are barred in whole or in part, because if there was a violation of TILA, Regulation Z, FCRA, the UTPCPL, the FCEUA, Article 4A, the FDUTPA, Chapter 670, FL. St. T. XXXIX, Ch 670, or any other statute or law, any acts done or omitted were in good faith conformity with applicable rules, regulations, and/or interpretations thereof.

**(Twenty-Fourth Affirmative Defense)**

Plaintiffs' TILA claims are barred by the good faith and/or bona fide error defense under 15 U.S.C. § 1640(c), and/or the alleged violation(s) were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**(Twenty-Fifth Affirmative Defense)**

Plaintiffs' TILA claims are barred to the extent that there is no private right of action and/or to the extent that they lack statutory standing.

**(Twenty-Sixth Affirmative Defense)**

Plaintiffs' TILA claims are barred by 15 U.S.C. § 1640(b).

**(Twenty-Seventh Affirmative Defense)**

Plaintiffs' TILA claims are barred to the extent that prerequisites were not satisfied, and/or to the extent that 15 U.S.C. § 1640(f)(2) is inapplicable because the servicer did not hold itself out as an "owner."

**(Twenty-Eighth Affirmative Defense)**

Alliant further pleads any affirmative defenses provided in the Federal Rules of Civil Procedure that may, through further discovery, be determined to be applicable in this litigation.

WHEREFORE, Alliant respectfully requests judgment in its favor on all of Plaintiffs' claims, together with its costs, attorneys' fees, and such other relief to which it is entitled.


Dated: March 14, 2025

/s/ Jeffrey M. Stacko
Jeffrey M. Stacko, Esq.
Pa. I.D. No. 314941
DINSMORE & SHOHL LLP
1300 Six PPG Place
Pittsburgh, PA 15222
412.281.5000 (t)
412.281.5055 (f)
jeffrey.stacko@dinsmore.com

*Counsel for Defendants, Newrez LLC d/b/a Shellpoint Mortgage Servicing and Alliant Credit Union*

#40755334v2